UNITED STATES DISTCIT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LORI BUREAU; JANICE CUSIMANSO; MARJORIE GAINES; VIRDELL GAUTHIER; RHONDA GRACE; TANISHA HALL; PATRICIA HARRIS; CONVIDAS GUSTAVE KENT; PATRICIA MUMPHREY; ADELENE PERKINS, individually and on behalf of ALLEN GUSTAVE; DARLENE HILL SMITH; LENA STEPHENS; MARTHA ANN VIZZINI; DEBRA WILSON; and SHIRLEY WILLIAMS, individually and on behalf of minor JAMES DELMORE,<br><br>        Plaintiffs,<br><br>   vs.<br><br>BASF CORPORATION; RUBICON LLC; SHELL CHEMICAL LP; MARK DEARMAN; C. ERIC PHILLIPS; RHOMAN HARDY; ROXANE KRAFT; GLENN BUCHOLTZ; JAMES L. KIMES; T. ALLEN KIRKLEY; JEROLD LEBOLD; THOMAS YURA; and MICHAEL COHEN,<br><br>        Defendants. | CIVIL ACTION NO. 21-324<br><br>JUDGE:<br><br>MAGISTRATE: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1442 and 1446, Defendant BASF Corporation ("BASF"), through undersigned counsel, hereby removes the above-captioned action from the 23rd Judicial District Court for the Parish of Ascension, Louisiana to the United States District Court for the Middle District of Louisiana and, in support of this Notice of Removal, states as follows:

1

1. On or about April 26, 2021, Plaintiffs commenced this action by filing a Petition for Damages and Request for Trial by Jury ("Petition") in the 23rd Judicial District Court for the Parish of Ascension, Louisiana entitled *Lori Bureau, et al. v. BASF Corporation, et al.,* Case No. 131300.

2. On or about May 3, 2021, the Petition was formally served on BASF.

## GROUNDS FOR REMOVAL

### I. THE COURT HAS DIVERSITY JURISDICTION OVER THE ACTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

#### A. Complete Diversity of Citizenship

4. Plaintiffs Lori Bureau, Janice Cusimano, Marjorie Gaines, Virdell Gauthier, Tanisha Hall, Patricia Harris, Convidas Gustave Kent, Patricia Mumphrey, Adelene Perkins, Lena Stephens, Martha Ann Vizzini, Debra Wilson, and Shirley Williams are all persons of the full age of majority domiciled in the Parish of Ascension, Louisiana.

5. Plaintiffs Rhonda Grace and Darlene Hill Smith are persons of the full age of majority domiciled in the Parish of Iberville, Louisiana.

6. Defendant BASF Corporation is a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey, and therefore, is a citizen of Delaware and New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

7. Defendant Rubicon LLC ("Rubicon") is a Utah limited liability company. Upon information and belief, Rubicon LLC is a joint venture between its two members, LANXESS Corporation and Huntsman International, LLC. LANXESS Corporation is a corporation organized under the laws of Delaware with its headquarters in Pittsburgh, Pennsylvania.

Huntsman International, LLC is a Delaware limited liability company that is wholly owned by Huntsman Corporation, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Texas. Therefore, Rubicon LLC is a citizen of Delaware, Texas, and Pennsylvania for purposes of determining diversity.

8.     Shell Chemical LP ("Shell Chemical") is a Delaware limited partnership. Shell Chemical LP's partners are Shell Oil Company and SCOGI GP. In turn, SCOGI GP is a Delaware general partnership whose partners are Shell Oil Company (a Delaware corporation with its principal place of business in Texas), Shell Offshore and Chemical Investments, Inc. (a Delaware corporation with its principal place of business in Texas), and SWEPI LP (a Delaware limited partnership whose partners are two limited liability companies ultimately owned by Shell Oil Company). Therefore, for purposes of determining diversity, Shell Chemical LP is a citizen of Delaware and Texas.

### B.     Improper Joinder of Individuals

9.     Plaintiffs have named Mark Dearman, C. Eric Phillips, Rhoman Hardy, Roxane Kraft, Glenn Bucholtz, James L. Kimes, T. Allen Kirkley, Jerold Lebold, Thomas Yura, and Michael Cohen (collectively, the "Individuals") as defendants in this matter. Although the Individuals are believed to be citizens of Louisiana, their citizenship must be disregarded by the Court because they have been improperly joined to this action.[1]  *See Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001) (improper joinder of a defendant will not operate to defeat diversity jurisdiction).[2]

---

[1] The term "improper joinder" is used interchangeably with "fraudulent joinder," as the Fifth Circuit has noted "there is no substantive difference between the two." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

[2] BASF notes that Defendants BASF, Shell Chemical, and Rubicon have been misjoined under Federal Rule of Civil Procedure 20. Under that Rule, a defendant may be joined in an action with other defendants only if the plaintiff asserts, among other things, any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2). Plaintiffs'

10. Under the improper joinder doctrine, a court should disregard the citizenship of an in-state defendant where "there is no reasonable basis for predicting that plaintiffs might establish liability . . . against the in-state defendants." *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000). An in-state defendant is improperly joined where there is not "arguably a reasonable basis for predicting that state law would allow recovery." *Id.*

11. Here, none of the Individuals have or had responsibility in their individual capacity related to permitted facility emissions.

12. The federal Clean Air Act ("CAA") requires that air permit applications contain a certification by a "Responsible Official" attesting to their truth, accuracy, and completeness. *See* 42 U.S.C. § 7661b. Under the CAA, a "Responsible Official" must also certify the truth, accuracy, and completeness of any mandatory recordkeeping, monitoring, and reporting requirements associated with a facility's permitted operations and emissions limitations. *See id.* § 7661c. Environmental Protection Agency ("EPA") regulations implementing the CAA require that states develop an operating permit program that complies with the federal CAA. *See, e.g.*, 40 C.F.R. §§ 70.1, 70.6(c)(5). The Louisiana Department of Environmental Quality ("LDEQ") administers the state's EPA-approved operating permit program, set forth at L.A.C. 33:III. As dictated by the CAA, LDEQ's regulations require that permit applications – and any mandatory recordkeeping, monitoring, and reporting requirements associated with a facility's permitted operations and emissions limitations – contain a certification by a "Responsible Official" to LDEQ attesting to the truth, accuracy, and completeness of facility submissions. *See, e.g.*, L.A.C. 33:III.517.B.

---

Petition does not allege that Defendants BASF, Shell Chemical, and Rubicon have been joined with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences as required by Rule 20. Accordingly, Defendants BASF, Shell Chemical, and Rubicon have been misjoined.

13. The BASF Geismar facility's "Responsible Official" verifies and documents facility compliance status so he or she can certify the truth, accuracy, and completeness of BASF's regulatory compliance reports. *See* Ex. A, Declaration of Jerold Lebold ¶ 5.

14. BASF is responsible for ensuring its business complies with applicable regulatory limitations, and it has not delegated that duty to any individual employee acting in their individual capacity. *Id.* ¶ 6. For example, Jerold Lebold, one of the improperly joined defendants, is responsible for the Geismar facility's environmental compliance as a BASF employee (specifically, as Senior Vice President and General Manager). *Id.* He is not responsible for the Geismar facility's environmental compliance in either his individual capacity or as a "Responsible Official." Indeed, the duty associated with being a "Responsible Official" is limited to assuring that BASF's regulatory submissions are true, accurate, and complete and so certifying. This duty is owed to EPA and LDEQ alone.

15. The general administrative responsibilities associated with Mr. Lebold's role as a "Responsible Official" to LDEQ do not confer a responsibility to minimize or cease BASF's permitted emissions to protect the safety and well-being of the neighboring community and citizens during normal, permitted operations. *Id.* ¶ 7. The duty associated with being a "Responsible Official" to EPA and LDEQ is limited to assuring (and certifying) that BASF's regulatory submissions are true, accurate, and complete. *Id.*

16. Responsibility for the conduct of its facility operations remains, and has always remained, with BASF. Defendant BASF has not delegated personal responsibility to any of the individuals named in the Petition, nor has it delegated this responsibility to any other individual. Shell Chemical and Rubicon have also made no such delegation to any of the Individuals.

17. No company employee – no matter how senior – bears the risk of individual liability for reasonable actions taken in the course of employment.

18. There is no reasonable basis to predict that Plaintiffs can prevail on any of their claims against the Individuals because the Plaintiffs do not allege a factual basis for the Individuals to be liable as a matter of law. Accordingly, the Individuals' domicile must be ignored for purposes of determining diversity.

### C. Amount in Controversy

19. Louisiana law prohibits a plaintiff from specifying a numerical dollar amount in the Petition. La. Code. Civ. Proc. art. 893A(1). The Fifth Circuit has instructed that, in such a situation, the removing defendant must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *DeAguilar v. Boeing*, 11 F.3d 55, 58 (5th Cir. 1993).

20. Plaintiffs allege substantial injuries and damages that include, among other things: past, present, and future pain and suffering; past, present, and future medical expenses; permanent and/or partial physical disability and/or impairment; scarring and disfigurement; past, present, and future loss of enjoyment of life; future loss of income; and future loss of earning capacity. *See* Ex. D, Pet. ¶ 261. Accordingly, the amount placed in controversy by Plaintiffs' allegations exceeds the jurisdictional threshold of $75,000 under 28 U.S.C. § 1332(a).

## II. THIS ACTION IS REMOVABLE UNDER THE FEDERAL OFFICER REMOVAL STATUTE

21. This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). An action is removable under section 1442(a)(1) if the removing defendant shows (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that it has acted pursuant to a federal officer's

6

directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

22. BASF is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *See, e.g., Savoie v. Huntington Ingalls Inc.*, 817 F.3d 457, 461 (5th Cir. 2016).

23. BASF was "acting under" an "officer . . . of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) because the government exerted some "subjection, guidance, or control," over BASF's actions at its Geismar facility and because BASF engaged in an effort "to assist, or to help carry out, the duties or tasks of the federal superior" through government mandates and contracts. *Watson v. Philip Morris Cos.*, 551 U.S. 142, 151-52 (2007).

24. The operations at BASF's Geismar facility are conducted pursuant to a Title V permit issued under the CAA, the federal statute that provides a comprehensive system by which federal and state resources are deployed to "protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1).

25. The emissions at issue in Plaintiffs' Petition are the result of highly regulated activity controlled and overseen by federal officers. Plaintiffs' claims against BASF are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais*, 951 F.3d at 292.

26. BASF raises a colorable federal defense to Plaintiffs' claims in this action, namely that (1) BASF's compliance with its Clean Air Act Title V permit provides the standard of care applicable to this action; (2) under the CAA and implementing regulations the

7

Individuals' duties as "permit responsible officials" are only to certify the truth, accuracy, and completeness of the permit-related documents, not to reduce emissions from BASF's Geismar facility; and (3) one or more of Plaintiffs' claims are preempted by federal law because the Clean Air Act displaces those claims.

27.     Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiffs, it has supplemental jurisdiction over all of the Plaintiffs' claims.  *Savoie*, 817 F.3d at 463; 28 U.S.C. § 1367(a).

## COMPLIANCE WITH REMOVAL STATUTE

28.     This Notice of Removal is properly filed in the United States District Court for the Middle District of Louisiana because the 23rd Judicial District Court for the Parish of Ascension, Louisiana is located in this federal judicial district.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 98(b).

29.     This action was commenced on or about April 26, 2021, and BASF was served with a copy of the Petition on May 3, 2021.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service of the Petition.

30.     All properly joined and served defendants consent to the removal of this action.[3]  Consent to federal jurisdiction by the Individuals is unnecessary because the Individuals have been improperly joined.  *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

---

[3] Removal under 28 U.S.C. § 1442(a)(1) (federal officer removal) does not require the consent of co-defendants. *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014).  However, BASF has obtained the consent of Defendants Shell and Rubicon to satisfy the requirements for removal under 28 U.S.C. § 1332 as well.  *See* Ex. B, Defendant Rubicon LLC's Consent to Notice of Removal; Ex. C, Defendant Shell Chemical LP's Consent to Notice of Removal.

31. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon BASF or contained within the state court docket in this action are attached as Exhibit D.

32. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and a copy, along with a Notice of Filing of Notice of Removal, is being filed with the Clerk of the 23rd Judicial District Court for the Parish of Ascension, Louisiana.

WHEREFORE, BASF Corporation respectfully removes this action from the 23rd Judicial District Court for the Parish of Ascension, Louisiana, bearing Case No. 131300, to this Court pursuant to 28 U.S.C. §§ 1441 and 1442.

Respectfully submitted,

**KEAN MILLER LLP**

*/s/ Alexandra E. Rossi*
Gregory M. Anding (#23622)
Jay M. Jalenak (#20234)
Karli G. Johnson (#26304)
Patrick D. Roquemore (#26492)
Allison N. Benoit ((#29087)
Alexandra E. Rossi (#35297)
Kean Miller LLP
II City Plaza
400 Convention Street, Suite 700 (70802)
P. O. Box 3513
Baton Rouge, LA  70821-3513
Telephone:  225.389.0999
Facsimile:  225.388.9133
asbestos@keanmiller.com

-and-

**BEVERIDGE & DIAMOND, P.C.**

Robert Brager (*pro hac vice to be filed*)
Evynn Overton (*pro hac vice to be filed*)
Roy D. Prather III (*pro hac vice to be filed*)
Collin Gannon (*pro hac vice to be filed*)
201 North Charles Street, Suite 2210

Baltimore, MD 21201  
Phone: (410) 230-1300  
Fax:   (410) 230-1389  
rbrager@bdlaw.com  
eoverton@bdlaw.com  
rprather@bdlaw.com  
cgannon@bdlaw.com  

*Attorneys for Defendant BASF Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by U.S. mail, postage prepaid.

*/s/ Alexandra E. Rossi*